**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| YVONNE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>UCB, Inc.<br><br>Serve:<br>UCB, Inc.<br>C T Corporation System, Registered Agent<br>4701 Cox Road Suite 285<br>Glen Allen, VA 23060<br><br>Defendant. | ) | Case No. 3:26cv673<br><br>JURY TRIAL DEMAND |

---

## **COMPLAINT**

COMES NOW Plaintiff Yvonne Davis ("Plaintiff" or "Ms. Davis") by and through her attorneys, for her complaint against Defendant UCB, Inc. ("UCB" or "Defendant") states and alleges as follows:

## **NATURE OF ACTION**

1. This is an action for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and the Virginia Human Rights Act, Va. Code § 2.2-3900, *et seq.* ("VHRA").

2. Ms. Davis reported to UCB that she believed she had been treated differently because of her race, Black. Shortly thereafter, UCB placed her on a performance improvement plan and then terminated her employment. Ms. Davis brings claims against her former employer for retaliation.

## PARTIES

3. Plaintiff Yvonne Davis is an adult resident of the Commonwealth of Virginia.

4. Ms. Davis is a Black woman.

5. Defendant UCB, Inc. is a corporation that conducts business in the Commonwealth of Virginia. UCB is a biopharmaceutical company that researches and develops medications for severe diseases.

6. UCB has approximately 1,775 employees in the United States.

7. UCB is engaged in an industry affecting commerce and, on information and belief, had greater than fifteen employees during the relevant time periods in each of twenty or more calendar weeks in the current or preceding year, within the meaning of 42 U.S.C. § 2000e(b).

8. UCB employed Ms. Davis from on or about December 7, 2020, until her termination on August 22, 2023.

9. At all times relevant to this Complaint, Ms. Davis was an employee of the Defendant within the meaning of Title VII and the VHRA.

10. Defendant UCB is an employer within the meaning of Title VII and the VHRA.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, specifically Title VII and Section 1981.

12. The Court further has supplemental jurisdiction over Ms. Davis's state law claims pursuant to 28 U.S.C. § 1367 because her claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

13. UCB is subject to personal jurisdiction of the Court because it regularly conducts business within this judicial district.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events described in this action took place within this judicial district.

## FACTS

***Ms. Davis's Employment with UCB***

15. UCB hired Ms. Davis on or about December 7, 2020, as a Senior Clinical Research Associate.

16. Ms. Davis's final position was Senior Clinical Site Manager.

17. As a Senior Clinical Site Manager, Ms. Davis managed and monitored clinical research sites conducting drug trials on behalf of UCB.

18. Ms. Davis worked remotely from her home in Midlothian, Virginia.

19. Thomas Leskovec ("Leskovec") directly supervised Ms. Davis beginning in or around June 2022.

***Ms. Davis's March 2023 Performance and Compensation***

20. On March 1, 2023, UCB issued Ms. Davis her 2023 Annual Compensation Review Confirmation.

21. The review set Ms. Davis's new annual gross salary at $152,646.12 and awarded her a merit increase of 4.00%.

22. In addition, the review awarded Ms. Davis a gross bonus of $17,613.02, reflecting an individual performance rating of 100.00%.

23. Leskovec signed the review and thanked Ms. Davis for advancing UCB's Patient Value priorities.

***The May 2, 2023 Incident and Ms. Davis's Report***

24. On May 2, 2023, Ms. Davis traveled to a clinical site in Miami, Florida for a site visit.

25. A UCB coworker and a contractor, both white, rode with Ms. Davis in her rental car from the hotel to the site.

26. Ms. Davis drove and picked up both her UCB coworker and a contractor from the same location.

27. Both individuals sat in the back seat.

28. Ms. Davis asked whether one of them would ride in the front seat. Both declined.

29. On or about May 9, 2023, Ms. Davis reported the incident to UCB.

30. Ms. Davis reported the incident to Leskovec, to the Clinical Project Manager Team Lead, and to the Diversity and Inclusion Manager.

31. Ms. Davis told them that she believed the coworker and the contractor acted as they did because of her race.

32. Leskovec reported Ms. Davis's complaint to Human Resources.

33. Ms. Davis's report of race-based discrimination was activity protected under Title VII, Section 1981, and the VHRA.

***The Performance Improvement Plan***

34. On or about May 30, 2023, only three (3) weeks after Ms. Davis complained of race-based discrimination, UCB placed Ms. Davis on a performance improvement plan.

35. UCB told Ms. Davis that it placed her on the performance improvement plan because of her communication.

36. UCB had never disciplined Ms. Davis or told her that she had a problem with her communication prior to her report of discrimination.

37. The performance improvement plan was to remain in effect for ninety (90) days.

38. The performance improvement plan cited examples from 2022 that UCB had never raised with Ms. Davis.

39. UCB did not mention any communication concern in Ms. Davis's March 2023 review.

40. On June 5, 2023, Ms. Davis submitted a written rebuttal to the performance improvement plan.

41. The discipline UCB imposed after Ms. Davis engaged in protected activity is at odds with the strong performance reflected in her March 2023 Annual Compensation Review and the bonus she received.

***Ms. Davis's Termination***

42. On August 22, 2023, UCB terminated Ms. Davis.

43. UCB terminated Ms. Davis before the 90-day performance improvement plan expired.

44. UCB gave Ms. Davis no reason for her termination.

45. UCB did not provide Ms. Davis a separation letter.

46. UCB terminated Ms. Davis because she engaged in protected activity.

## EXHAUSTION

47. On December 23, 2023, Ms. Davis filed a charge of discrimination and retaliation against UCB with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 433-2023-03474.

48. Ms. Davis cross-filed this charge with the Virginia Office of Civil Rights.

49. The EEOC issued Ms. Davis a Determination and Notice of Rights in this matter on April 16, 2026.

50. Ms. Davis exhausted her administrative remedies as required by 42 U.S.C. § 2000e, *et seq.*

51. This matter is timely filed within ninety (90) days of Ms. Davis's receipt of her Notice of Right to Sue from the EEOC.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII
## 42 U.S.C. § 2000e *et seq.*

52. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

53. Title VII makes it unlawful for an employer to retaliate against an employee for making a good faith report of race-based discrimination in the workplace.

54. Ms. Davis engaged in protected activity when she reported to UCB that she believed she had been treated differently because of her race.

55. UCB placed Ms. Davis on a performance improvement plan and terminated her following her report.

56. The discipline UCB imposed is at odds with the strong performance reflected in Ms. Davis's March 2023 Annual Compensation Review and the bonus she received.

57. UCB terminated Ms. Davis in retaliation for her protected activity.

58. As a direct and proximate result of UCB's retaliatory acts, Ms. Davis has suffered a loss of compensation and benefits related to her employment.

59. Ms. Davis has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

60. UCB acted with malice or with reckless indifference to Ms. Davis's protected rights so as to support an award of punitive damages.

## COUNT II
## RETALIATION IN VIOLATION OF SECTION 1981
## 42 U.S.C. § 1981

61. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

62. Section 1981 makes it unlawful for an employer to retaliate against an employee for making a good faith report of race-based discrimination in the workplace.

63. Ms. Davis engaged in protected activity when she reported to UCB that she believed she had been treated differently because of her race.

64. UCB placed Ms. Davis on a performance improvement plan and terminated her following her report.

65. The discipline UCB imposed is at odds with the strong performance reflected in Ms. Davis's March 2023 Annual Compensation Review and the bonus she received.

66. UCB terminated Ms. Davis in retaliation for her protected activity.

67. As a direct and proximate result of UCB's retaliatory acts, Ms. Davis has suffered a loss of compensation and benefits related to her employment.

68. Ms. Davis has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

69. UCB acted with malice or with reckless indifference to Ms. Davis's protected rights so as to support an award of punitive damages.

## COUNT III
## RETALIATION IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT
## Va. Code § 2.2-3900 *et seq.*

70. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

71. The Virginia Human Rights Act makes it unlawful for an employer to retaliate against an employee for making a good faith report of race-based discrimination in the workplace.

72. Ms. Davis engaged in protected activity when she reported to UCB that she believed she had been treated differently because of her race.

73. UCB placed Ms. Davis on a performance improvement plan and terminated her following her report.

74. The discipline UCB imposed is at odds with the strong performance reflected in Ms. Davis's March 2023 Annual Compensation Review and the bonus she received.

75. UCB terminated Ms. Davis in retaliation for her protected activity.

76. As a direct and proximate result of UCB's retaliatory acts, Ms. Davis has suffered a loss of compensation and benefits related to her employment.

77. Ms. Davis has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

78. UCB acted with malice or with reckless indifference to Ms. Davis's protected rights so as to support an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Davis requests this Court enter judgment in her favor against Defendant UCB Biosciences Incorporated, and further:

1. Award Ms. Davis compensatory damages, plus past and future damages on the above-stated Counts, in an amount that can only be determined at trial; and in addition,
2. Award Ms. Davis back pay, front pay, and benefits; and in addition,
3. Award Ms. Davis damages for emotional distress, mental anguish, pain and suffering, indignation, and other non-pecuniary losses in an amount that can only be determined at trial; and in addition,
4. Award Ms. Davis punitive damages; and in addition,

5. Award Ms. Davis attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition,
6. Award Ms. Davis such other and further relief as may be appropriate.

**JURY DEMAND**

Ms. Davis demands trial by jury on all issues.

Dated: July 15, 2026

Respectfully Submitted,

/s/

Joshua Erlich, VA Bar No. 81298
Katherine Herrmann, VA Bar No. 83203
Heather Murray, VA Bar No. 98648
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd., Ste. 700
Arlington, VA 22209
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
kherrmann@erlichlawoffice.com
hmurray@erlichlawoffice.com

*Counsel for Plaintiff Yvonne Davis*